MaNly,
 
 J.
 

 It seems the defendant, professing to be the owner of a bond on G. W. Hayes, to make title to a parcel of land in Cherokee, bargained and sold his interest in the same for the sum of three hundred dollars to the complainant, who thereupon, in consideration of a promise, on the part of the defendant, to get the bond and assign the same in proper form, paid the sum of $185 75, and gave his bonds for the residue of the purchase-money. The equity of the bill rests upon the allegation that defendant has not assigned the bond as promised, nor in any other way made title to the land, but is now fraudulently insisting that he has done so, and is enforcing the collection of the purchase-money. We have examined the testimony, especially the depositions of G. W. Hayes and N.
 
 *436
 
 Jarratt, and find the allegations of the bill sustained. The defendant seems never to have had any bond or other assurance for title from Ilayes, or any one else, which he could assign or transfer, and complainant is therefore left entirely without title, or security for title. It is uncouscientious, therefore, in the defendant to enforce his demand for the residue of the purchase-money, or to keep the moneys that have been paid him upon the contract. It seems, however, that defendant had occupation of the land at the time of the agreement which he delivered to plaintiff, and that plaintiff’s son, claiming under the father, is still in possession. A condition precedent, therefore, to the relief which the bill asks, is that the-possession of the land now held by the son, shall be again transferred to the defendant; subject to this condition, we are of opinion the plaintiff is entitled to a decree for the moneys paid by him and interest, and to a perpetual injunction against the collection of the residue. A decree may be drawn in conformity with the opinion.
 

 Pee CitkxaM, Decree accordingly.
 

 *** Judge Manly being a stockholder in the Atlantic and North Carolina Rail Road Company, took no
 
 part in
 
 the decision of the case of McRae v. the Company, ante 395, nor in any other where that corporation was concerned.